UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

ALAJANDRO ORTIZ,

    Plaintiff,

v.                                  06-CV-3067

ROGER WALKER, WILLARD
ELYEA, GREG LAMBERT, TERRI
CHAPMAN, DEBBIE ISAACS,
DR. SANTOS, DR. SHEPPARD,
DR. PULISETTY, CAROLYN
COOKSTON, J. COCHRON, M. FRED,
C/O BLACK,

    Defendants.

## Case Management Order #1 (Merit Review)

The plaintiff, currently incarcerated in Big Muddy Correctional Center, filed this action regarding the lack of medical treatment for serious injuries.

The court is required by 28 U.S.C. §1915A to conduct a merit review of the Complaint, and through such process to identify cognizable claims and dismiss claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted . . . ."  A merit review hearing was scheduled to aid the court in this review, but was cancelled as unnecessary.  The Complaint and exhibits already clearly set out the claims.

The merit review standard is the same as the motion to dismiss standard.  The plaintiff's *pro se* complaint is liberally construed, taking the allegations as true and drawing all reasonable inference in the plaintiff's favor.  *Haines v. Kerner*, 404 U.S. 519 (1972).  Dismissal is appropriate only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Haines*, 404 U.S. at 521.

*Allegations*

On September 3, 2003, the plaintiff seriously injured his knee.  He was taken to the health care unit, where he complained of excruciating pain.  He was given pain medication and observed for 23 hours.  He was discharged from the health care unit the next day with a single crutch.  Eventually, he received a second crutch, but it was obviously defective, missing the

rubber cap that keeps the crutch from slipping.  The plaintiff's cell assignment was not changed to low gallery, bottom bunk, so the plaintiff had to maneuver stairs with the defective crutch to travel to and from his cell.

On September 6, 2005, the defective crutch slipped while the plaintiff was descending a flight of stairs.  The plaintiff fell down the flight of stairs, injuring his knee further, and also seriously injuring his back and wrist.

The plaintiff received an MRI of his knee.  The MRI indicated that his ligament was not cut "completely," which the plaintiff interprets as meaning that a partial cut or tear existed.  Dr. Pullisetty, apparently an orthopedist working outside the prison, saw the plaintiff and asked the plaintiff his out date.  Upon learning the plaintiff's out-date, Dr. Pullisetty told the plaintiff he could live with the condition until his release.  Dr. Pullisetty was acting as an agent of the prison when he failed to recommend surgery or some other effective treatment.  Other doctors and a physical therapist have opined that surgery is needed on the knee.

To date, the plaintiff has received "no relief for his injury and is forced to live in pain that does not allow movement or everyday activity."  He suffers from severe pain and fluid build-up in his knee.  He still cannot bend the knee or walk without crutches.

The plaintiff asks that his injuries "be cured by medical means," (which the court construes as a request for injunctive relief) and for damages.

*Analysis*

*Negligence/Malpractice*

Many of the defendants' failures sound like negligence--the failure to exercise ordinary care.  "Negligence on the part of an official does not violate the Constitution, and it is not enough that he or she should have known of a risk."  *Pierson v. Hartley*, 391 F.3d 898, 902 (7th Cir. 2004)*, citing Haley v. Gross*, 86 F.3d 630, 641 (7th Cir.1996); *see also Mayoral v. Sheahan*, 245 F.3d 934, 938 (7th Cir. 2001)("A plaintiff cannot establish a violation of the Eighth or Fourteenth Amendment by a showing that officials were negligent . . .").  To be held liable under the U.S. Constitution, officials must act with "deliberate indifference," a much more difficult standard to prove than negligence.  Deliberate indifference is more than even gross negligence–it "'approaches intentional wrongdoing' . . . essentially a criminal recklessness standard, that is, ignoring a known risk.'"  *Johnson v. Snyder*,  —F.3d —, 2006 WL 861122 *3 (7th Cir. 2006)(*quoted cites omitted)*.(7th Cir. 2006).

If the plaintiff is trying to make out a negligence action based on state law, federal courts lack jurisdiction over it (that is, the federal courts lack the power to decide the claim).  The Illinois Court of Claims has exclusive jurisdiction over tort claims against the State.  *See Jinkins v. Lee*, 807 N.E.2d 411, 418 (2004)(action is against state and must be brought in Court of Claims where employee was acting within scope of authority and performing normal functions

2

of job, and, duty breached not owed to general public);

If the plaintiff is trying to pursue a medical malpractice claim against the doctors and nurses based on state law, the court might arguably be able to take supplemental jurisdiction over such a claim. *Jinkins*, 807 N.E.2d 418 (malpractice action against mental health professionals could be brought in circuit court, not barred by sovereign immunity). However, Illinois law requires a plaintiff in a malpractice action to attach an affidavit to the complaint, averring that the plaintiff consulted with a qualified physician who in turn concluded that the case has merit. That physician's report must be attached to the Complaint. 735 ILCS 5/2-622(1). The plaintiff does not attach the required affidavit and physician report, so any malpractice claim will be dismissed, without prejudice to refiling with the required information.

*Deliberate Indifference to Serious Medical Need/Serious Risk of Harm*

Deliberate indifference to a serious medical need amounts to cruel and unusual punishment under the Eighth Amendment. *Greeno v. Daley*, 414 F.3d 645, 652-53 (7th Cir. 2005), *citing Estelle v. Gamble*, 429 U.S. 97 (1976). "Ignoring a request for medical treatment is a form of cruel and unusual punishment 'provided that the illness or injury for which assistance is sought is sufficiently serious or painful to make the refusal of assistance uncivilized.'" *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997), *quoting Cooper v. Casey*, 97 F.3d 914. 916 (7th Cir. 1996). Deliberate indifference may be inferred "when the medical professional's decision is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate the person responsible did not base the decision on such a judgment." *Estate of Cole v. Pardue*, 94 F.3d 254, 261-62 (7th Cir. 1996); *see also Collingnon v. Milwaukee County*, 163 F.3d 982, 989 (7th Cir. 1998)(deliberate indifference may be established if "response so inadequate that it demonstrated an absence of professional judgment, that is, that nominally competent professional would not have so responded under the circumstances."). However, malpractice or disagreement with a doctor's treatment decisions cannot be the basis for an Eighth Amendment challenge. *Steele v. Choi*, 82 F.3d 175, 178-79 (7th Cir. 1996); *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996). A prison doctor's decision not to follow an outside specialist's recommendations may, however, raise an inference of deliberate indifference. *Gil v. Reed*, 381 F.3d 649, 663-64 (7th Cir. 2004).

The medical need must be "'objectively, sufficiently serious.'" *Greeno*, 414 F.3d at 653, *quoting Farmer v. Brennan*, 511 U.S. 825 (1994). "A serious medical condition is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention." *Greeno*, 414 F.3d at 653. "A condition is objectively serious if 'failure to treat [it] could result in further significant injury or unnecessary and wanton infliction of pain.'" *Reed v. McBride*, 178 F.3d 849, 852-53 (7th Cir. 1999), *quoting Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). "To be serious, however, a condition should constitute 'a denial of "the minimal civilized measure of life's necessities."' " *Johnson v. Snyder*, 444 F.3d 579, 585 (7th Cir. 2006)(*quoted cites omitted)*.

At this stage in the proceedings, the court cannot rule out an Eighth Amendment claim

for deliberate indifference to the plaintiff's serious medical needs. A reasonable inference of a serious medical need arguably arises from the plaintiff's description of his injuries. An inference of deliberate indifference arguably arises from the alleged recommendations for surgery and from the plaintiff's continued pain and inability to walk more than six months after the injury.

However, no inference of deliberate indifference arises on the part of the nonmedical defendants–the warden, grievance officer, and IDOC director. In the context of medical treatment, "if a prisoner is under the care of medical experts . . . a non-medical prison official will generally be justified in believing that the prisoner is in capable hands . . ." *Greeno v. Daley,* 414 F.3d 645, 656 (7th Cir. 2005); *see also Bond v. Aguinaldo*, 228 F. Supp. 2d 918, 920 (N.D. Ill 2002)("Except in the unusual case where it would be evident to a layperson that a prisoner is receiving inadequate or inappropriate treatment, prison officials may reasonably rely on the judgment of medical professionals.")(other citations omitted).

Here, the plaintiff alleges that he received treatment from the prison doctors and nurses, an MRI, and a consultation with an orthopedic specialist. No reasonable inference arises that the nonmedical defendants interfered with the plaintiff's access to medical professionals, or interfered with any prescribed treatment. The nonmedical defendants cannot be faulted for relying on the treatment recommendations of trained medical professionals. The proper treatment for a knee injury is not evident, from a layman's perspective. Accordingly, defendants Walker, Lambert, and Chapman will be dismissed.

The plaintiff appears to allege that Dr. Pulisetty, though not a prison doctor, was acting as an "agent for the prison" when he failed to recommend surgery. It appears that Dr. Pulisetty was an outside consultant, and it may well be that he was not "acting under color of state law"  He is not a "state actor" simply because he treats an inmate in his practice. However, the court believes it would be premature to rule out a § 1983 claim against Dr. Pulisetty until further factual development. The personal responsibility of the medical defendants, if any, can be sorted out after further development of the facts.

As to the plaintiff's fall down the stairs, liability attaches under the Eighth Amendment when "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Hall v. Bennett*, 379 F.3d 462 (7th Cir. 2004)(inference of deliberate indifference arises when defendants know of substantial risk that could be easily prevented; inmate's injury from electric work allowed to proceed). At this point, this claim will also proceed for further factual development, but only as to the medical defendants (who were allegedly responsible for issuing the defective crutch and failing to reassign plaintiff to the low gallery, bottom bunk).

*Retaliation for Exercise of First Amendment Rights*

The plaintiff alleges that Correctional Officer Black caused "unneeded pain by way of

restraints and failure to relieve pain of same," in retaliation for plaintiff's request for his name and badge number.

"In the First Amendment context, . . .a prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." *Pell v. Procunier*, 417 U.S. 817, 822 (1974); *see also Turner v. Safley*, 482 U.S. 78, 95 (1987).  Restrictions on First Amendment rights are constitutional if they are "'reasonably related to legitimate penological interests.'" *Thornburgh v. Abbott*, 490 U.S. 401, 412)(1989), *citing Turner*.

Acts which are constitutional can become unconstitutional if done in retaliation for the exercise of a constitutionally protected right.  *See DeWalt v. Carter*, 224 F.3d 607, 618 (7th Cir. 1999)(citations omitted).  "This is so even if the adverse action does not independently violate the Constitution." *Id.*  However, a retaliation claim fails if the adverse action would have happened regardless.  In other words, even if Black was motivated in part by retaliation, he will not be liable if the restraints would have been used anyway.  "[T]he ultimate question is whether events would have transpired differently absent the retaliatory motive . . ." *Babcock v. White*, 102 F.3d 267, 275 (7th Cir. 1996).  That, however, is a factual determination that must await a factually developed record.

It is not entirely clear what First Amendment right the plaintiff was exercising, or whether the restraints rose to a level of retaliation actionable under the Constitution.  At this point, the claim will proceed for further factual development.  And, though a stretch, there may be a possible Eighth Amendment claim, if Black acted maliciously and sadistically for the purpose of causing harm.  "The Eighth Amendment prohibits unnecessary and wanton infliction of pain, thus forbidding punishment that is "so totally without penological justification that it results in the gratuitous infliction of suffering." *Calhoun v. Detella*, 319 F.3d 936, 939 (7th Cir. 2003).

IT IS THEREFORE ORDERED:

1)  Pursuant to its merit review of the complaint under 28 U.S.C. Section 1915A, the court finds that the plaintiff states the following federal claims:

a) Defendants Elyea, Isaacs, Dr. Santos, Dr. Sheppard, Dr. Pulisetty, Cookston, Cochron, and Fred were deliberately indifferent to the plaintiff's serious medical needs, and/or deliberately indifferent to a substantial risk to the plaintiff of serious harm, in violation of the plaintiff's Eighth Amendment rights;

b) Defendant Black's use of restraints on the plaintiff or failure to remove the restraints violated the plaintiff's Eighth Amendment right to be free from cruel and unusual punishment and/or constituted retaliation for the plaintiff's exercise of his First Amendment rights.

2) The plaintiff's negligence and malpractice claims are dismissed, without prejudice, to the extent he makes any.

3) Defendants Walker, Lambert and Chapman are dismissed for failure to state a federal claim against them, pursuant to the court's merit review under 28 U.S.C. Section 1915A.

4)  This case proceeds solely on the federal claims identified in paragraph one above. Any claim not set forth in paragraph one above shall not be included in the case, except in the court's discretion on motion by a party for good cause shown, or otherwise pursuant to Federal Rule of Civil Procedure 15.

5)  This case is referred to the Magistrate Judge for entry of a Prisoner Scheduling Order.

6)   The defendants shall file an _answer_ within the time prescribed by Local Rule.  A motion to dismiss is not an answer.  The answer must be considered a responsive pleading under Federal Rule of Civil Procedure 15(a) and should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Case Management Order.

Entered this 15th Day of May, 2006.

**s\Harold A. Baker**

HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE