UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

ALAJANDRO ORTIZ,

    Plaintiff,

v.          06-CV-3067

ROGER WALKER et al.,

    Defendants.

## Case Management Order #3

A Rule 16 conference was held by video conference on December 8, 2006. Counsel for defendants appeared, but the plaintiff did not appear, as he was reportedly en route to the video conference room at the prison. Plaintiff's presence was unnecessary, however, because the Court only took up service on Drs. Sheppard and Santos. That issue has now been resolved, as they have filed their Answers.

The IDOC defendants have moved for summary judgment based on failure to exhaust administrative remedies (d/e 37). The IDOC defendants assert that the plaintiff failed to timely appeal his grievance from the CAO's decision on December 20, 2005. The ARB returned the appeal for the stated reason that the appeal had been received on January 24, 2006, and was therefore not submitted within the 30-day time requirement. (Def. Mem. Ex. E). The Illinois administrative code requires an inmate to "appeal in writing" within 30 days if he or she is unsatisfied with the Warden's response. 20 Ill.Admin.Code 504.850(a).

The plaintiff maintains that he mailed his appeal on January 19, 2006, making the appeal timely, even though it was not received by the ARB until January 24, 2006. Defendants counter that there is no "mailbox" rule for appealing grievances. Yet, once an inmate deposits the appeal for mailing, its fate is out of his control. The cases cited by Defendants are relevant but not exactly on point. Unlike those cases, an inference arises here that the plaintiff deposited his appeal with sufficient postage before the deadline, and the ARB's summary rejection gave no opportunity for reconsideration. The court does not believe summary judgment is warranted on the present record regarding the exhaustion of the plaintiff's claim of deliberate indifference to his serious medical needs.

However, the plaintiff admits that he failed to exhaust his administrative remedies with regard to his claims against Defendant Black. (d/e 48, p.8). There is no futility exception to the exhaustion requirement, and a plaintiff seeking only monetary damages must still utilize the

grievance procedure in place before filing suit. *Booth v. Churner*, 121 S.Ct. 1819 (2001). Accordingly, Defendant Black will be dismissed without prejudice, along with the claims against him.

Another pending matter that bears discussion is Defendant Dr. Pulisetty. It is clear from the record that Dr. Pulisetty is not a "state actor" and thus cannot be sued under 42. U.S.C. Section 1983. *Gayman v. Principal Financial Serv.*, 311 F.3d 851 (7th Cir. 2002). Dr. Pulisetty works for Kenneth Hall Regional Hospital in East St. Louis and saw the plaintiff as an outside consultant. (d/e's 45, 50). A claim against him would be one for malpractice, not for a constitutional violation. As discussed earlier, no malpractice claims are in the case because the plaintiff has not complied with 735 ILCS 5/2-622(1). (d/e 6). Accordingly, Dr. Pulisetty will be dismissed for failure to state a federal claim against him.

IT IS THEREFORE ORDERED:

1) Pursuant to 28 U.S.C. Section 1915A, Dr. Pullisetty is dismissed for failure to state a federal claim against him.

2) Plaintiff's petition for leave to file late response to summary judgment motion is granted (d/e 48). Plaintiff's motion for extension is denied as moot (d/e 47), as Plaintiff's response has been filed.

3) The IDOC Defendants' motion for summary judgment is granted in part and denied in part (d/e 37). Defendant Black and the claims against him are dismissed without prejudice for failure to exhaust administrative remedies. The remainder of the summary judgment motion is denied, with leave to renew.

4) The plaintiff shall disclose expert witnesses and expert testimony pursuant to the requirements of Fed. R. Civ. P. 26(a)(2) by March 30, 2007.

5) The defendants shall disclose expert witnesses and expert testimony pursuant to the requirements of Fed. R. Civ. P. 26(a)(2) by April 30, 2007.

6) All discovery closes May 31, 2007. The plaintiff's incarceration limits him to written discovery. Written discovery must be served on a party at least 30 days before the discovery deadline. Discovery requests are not filed with the court, unless there is a dispute regarding such discovery. *See* CDIL-LR 26.3. Motions to compel discovery must be accompanied by the relevant portions of the discovery request and the response. Additionally, except for good cause shown, motions to compel must be filed within 14 days of receiving an unsatisfactory response to a timely discovery request.

7)     Dispositive motions are due June 29, 2007.

8)     A final pretrial conference is scheduled for October 30, 2007 at 1:30 p.m.. by

       video conference.

9)     A jury trial is scheduled for November 13, 2007, at 9:00 a.m., by personal appearance before the Court at 201 South Vine, Urbana, Illinois.

Entered this ___19th___ Day of ___December___, 2006.

                                **s\Harold A. Baker**

                                HAROLD A. BAKER
                        UNITED STATES DISTRICT JUDGE